UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RICKY L. UNDERHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00125-SEB-DML |
| ) | |
| LAWRENCE COUNTY SHERIFF'S DEPT., et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

Presently pending before the Court is the defendants' unopposed motion for partial dismissal. Dkt. 18. For the reasons below, the defendants' motion, dkt. [18], is **GRANTED**.

**I.
Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pleaded facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

**II.
Discussion**

Plaintiff Ricky Underhill initiated this action against the defendants alleging that he was denied medical treatment for his psychiatric conditions and gastrointestinal issues while housed at the Lawrence County Security Center. In his Complaint, Mr. Underhill asserts claims under the

Fourteenth Amendment, Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. *See* dkt. 1. In its Screening Order, the Court allowed the following claims to proceed:

- Claims against Sheriff Mike Branham and the Lawrence County Sheriff's Office pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12111–213, or the Rehabilitation Act, 29 U.S.C. §§ 794–794e.

- Fourteenth Amendment claims against Sheriff Mike Branham and the Lawrence County Sheriff's Office pursuant to 42 U.S.C. § 1983. These claims shall be based on the theory that Mr. Underhill was denied medical treatment for his psychiatric conditions and G.E.R.D. while housed at the Lawrence County Security Center.

*See* dkt. 11 at 3. In the presently pending motion, the defendants have moved to dismiss Mr. Underhill's claims under the ADA and Rehabilitation Act.

Title II of the ADA prohibits discrimination against "qualified individuals with disabilities in all programs, activities, and services of public entities." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The analyses of claims under the ADA and the Rehabilitation Act are essentially the same except that the Rehabilitation Act includes an additional element, requiring that the entity denying access receive federal funds. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (ADA and Rehabilitation Act standards are "functionally identical").

Here, as the defendants correctly point out, the only allegations in Mr. Underhill's Complaint which plausibly relate to a program, service, or activity are those allegations concerning inadequate medical care provided by the defendants. But inadequate medical care cannot serve as the basis for a claim under the ADA or the Rehabilitation Act. *Bryant v. Madigan*, 84 F.3d 246,

249 (7th Cir. 1996); *Resel v. Fox*, 26 Fed. Appx. 572, 577 (7th Cir. 2001). *See also Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 (7th Cir. 2006) (a plaintiff "cannot challenge a medical treatment decision under the ADA") (citations omitted). Furthermore, Mr. Underhill has filed no response to the Defendants' motion attempting to clarify how he has stated a claim under either the ADA or the Rehabilitation, and the time to do so has long passed.

The Court therefore finds that while Mr. Underhill has sufficiently alleged claims of deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment, he has failed to state a claim against the defendants under the ADA or the Rehabilitation Act. Accordingly, the Defendants' motion for partial dismissal, dkt. [18], is **GRANTED**.

### III.
### Conclusion

For the reasons above, the defendants' motion for partial dismissal, dkt. [18], is **GRANTED**. Mr. Underhill's claims under the ADA and the Rehabilitation Act are **dismissed with prejudice**. No partial judgment shall issue.

This action shall proceed solely with Mr. Underhill's medical deliberate indifference claims under the Fourteenth Amendment.

**IT IS SO ORDERED.**

Date:   6/7/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

RICKY L. UNDERHILL
953146
IDOC BLOOMINGTON PAROLE DISTRICT
1500 N. Packing House Rd.
Suite #100
Bloomington, IN 47404